UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ANTHONY S. HICKMAN, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:24-CV-395-JD-APR |
| STATE OF INDIANA, et al., | |
| Defendants. | |

OPINION AND ORDER

Anthony S. Hickman, a plaintiff without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the complaint, Hickman describes an unusual sequence of events in connection with his sentence in *Hickman v. State*, 20D01-1504-F4-19 (Elkhart Sup. Ct. filed Apr. 30, 2015). According to the complaint, on July 20, 2017, Judge Shewmaker sentenced Hickman to two years of incarceration but also awarded him two years of jail time credit; in other words, the judge sentenced him to time served. On October 17,

Judge Roberts modified the sentence by reducing the jail credit time to 190 days. Judge Roberts did so without any hearing and prior communication with parties.

On January 23, 2020, Probation Officer Contreras told Hickman that he would be subject to probation. Hickman told her that he had completely satisfied his sentence, but Probation Officer Contreras enforced the probation requirements against him, including requiring him to attend meetings, submit to searches, and threatening to send him back to incarceration. Hickman understood that he completed this purported term of probation on July 12, 2021. However, on September 30, 2021, Probation Officer Contreras filed a violation of probation petition, and Judge Osterday issued an arrest warrant.

On October 16, 2021, police officers arrested Hickman pursuant to the arrest warrant, and he was detained at the jail. On December 20, 2021, Judge Osterday held a hearing in which he acknowledged the sentencing issues but continued the hearing. On December 27, 2021, Judge Osterday vacated the modified sentence imposed by Judge Roberts, noting Judge Roberts' illness at the time of the sentence modification and his subsequent death, and found that Hickman had satisfied his sentence in connection with Case No. 20D01-1504-F4-19. Based on these allegations, Hickman seeks money damages from 16 defendants, including the State of Indiana.

While Hickman's narrative is both unusual and concerning, his claims suffer from numerous defects. To start, the applicable statute of limitations requires plaintiffs to file lawsuits within two years of the date on which the injury occurred. *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005); Ind.

Code § 34-11-2-3. The alleged wrongful sentence ended on December 27, 2021, so the limitations period expired two years later on December 27, 2023. Hickman filed this lawsuit on May 9, 2024 -- about four months after the limitations period expired. ECF 1. There is also no indication that equitable tolling might be appropriate. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) ("[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."); *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016) (equitable tolling requires reasonable diligence throughout the limitations period and until the federal complaint is filed). Therefore, Hickman cannot proceed on these allegations because they are untimely.

Hickman could not proceed on most of his allegations even setting aside their untimely nature. Notably, the State of Indiana is not a "person" who can be sued for constitutional violations under 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989). The State also has Eleventh Amendment immunity from a claim for damages in federal court. *de Lima Silva v. Dep't of Corr.*, 917 F.3d 546, 565 (7th Cir. 2019). Therefore, Hickman cannot proceed against the State of Indiana because it is not an appropriate defendant for a Section 1983 claim for money damages.

Further, "[a] plaintiff bringing a civil rights action must prove that the defendant personally participated in or caused the unconstitutional actions." *Grieveson v. Anderson*, 538 F.3d 763, 776 (7th Cir. 2008). There is no general respondeat superior liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id*. at 596. However,

3

supervisors can also be held liable if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012). Hickman has named Governor Holcomb, Attorney General Rokita, Mayor Robertson, Prosecutor Munro, Prosecutor Rich, Prosecutor Claeys, unknown jail officers, and Sheriff Siegel as defendants without any explanation as to their personal involvement with his claims. He has named Police Chief Milanese as a defendant solely due to his supervisory status of unidentified police officers. He has also named Prosecutor Becker and Prosecutor Dowd as defendants because they receive notice of court events, but such notice does not plausibly suggest that these prosecutors were aware of violations to Hickman's constitutional rights. Hickman may not proceed against these eleven defendants because he has not plausibly alleged their personal involvement.

Next, the allegations against Judge Roberts and Judge Osterday pertain to actions performed in their judicial capacity. "A judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). There is no indication that these judges were not properly seated judges empowered to make rulings in criminal cases filed in the Elkhart Superior Court, so Hickman may not proceed on the allegations against Judge Roberts and Judge Osterday due to judicial immunity. Judge

4

Roberts is also deceased. *See* Fed. R. Civ. P. 25(a)(1) (deceased defendant must be dismissed if a motion to substitute party is not promptly filed).

Additionally, "[p]rosecutors and probation officers are absolutely immune from suits challenging conduct intimately associated with the judicial phase of the criminal process." *Tobey v. Chibucos*, 890 F.3d 634, 649 (7th Cir. 2018). Moreover, "the policeman who executes an apparently valid arrest warrant is not liable merely because probable cause to arrest the person is lacking." *Patton v. Przybylski*, 822 F.2d 697, 699 (7th Cir. 1987). As a result, Hickman cannot proceed against the prosecutors or probation officers on the allegations relating to their actions in court and cannot proceed against the unidentified police officers who arrested him pursuant to an arrest warrant.

Based on the foregoing, the court finds that the complaint does not state a plausible claim upon which relief can be granted. Though Hickman cannot proceed on this complaint, he may file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). However, Hickman should only file an amended complaint if he believes he can address the deficiencies in this order. If he chooses to file an amended complaint, he must put the case number assigned to this case on it, which is on the first page of this order. He must also file an amended complaint that is complete in and of itself without reference to prior complaints.

For these reasons, the court:

(1) GRANTS Anthony S. Hickman until <u>May 23, 2025</u>, to file an amended complaint; and

5

(2) **CAUTIONS** Anthony S. Hickman that, if he does not respond by this deadline, the court will dismiss this case pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted.

SO ORDERED on April 21, 2025

                                                /s/JON E. DEGUILIO  
                                                JUDGE  
                                                UNITED STATES DISTRICT COURT